IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| DACARLOS WATKINS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 1:20-cv-01153-STA-atc |
| JOHN MEHER, | ) ) ) | |
| Respondent. | ) | |

ORDER DIRECTING CLERK TO MODIFY DOCKET,
DISMISSING § 2241 PETITION,
CERTIFYING THAT APPEAL NOT TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Dacarlos Watkins has filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2241.[1] (ECF No. 7.) The pleading is before the Court for preliminary review. *See* 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ . . . unless it appears from the application that the applicant or person detained is not entitled thereto."); *Harper v. Thoms,* No. 02–5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002) (affirming dismissal of federal prisoner's § 2241 petition on preliminary review). For the following reasons, the Petition is **DISMISSED**.

---

[1] Petitioner labeled his initial pleading as a 28 U.S.C. § 2254 petition. (ECF No. 1.) Because he did not use the Court's § 2254 form and it was not clear from the document what criminal proceedings he was challenging, the Court directed him to refile on the form used by this district. (ECF No. 6.) Petitioner thereafter refiled his claims using the form for § 2241 cases, rather than § 2254 cases, and he clarified that he is challenging his pretrial detention related to his federal criminal proceedings. (ECF No. 7 at 2.) The Court assumes that he is currently in the custody of the Madison County Sheriff because he is also facing state charges. The Clerk is **DIRECTED** to modify the docket to reflect that this case is brought by a federal prisoner under § 2241.

On June 18, 2018, a federal grand jury in the Western District of Tennessee returned an indictment charging Watkins with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  *United States v. Watkins*, No. 1:18-cr-10053-STA-1, ECF No. 1 (W.D. Tenn.).  In the Petition, Watkins asserts four claims challenging his arrest, the evidence against him, and what he alleges are "untrue charges."  (ECF No. 7 at 8.)  He seeks to be "set . . . free."  (*Id.* at 8.)

"A pretrial detainee may pursue habeas relief under 28 U.S.C. § 2241."  *Heard v. Hickey,* No. 5:12–cv–055–JBC, 2012 WL 1080279, at *1 (E.D. Ky. March 30, 2012) (citing *Girts v. Yanai,* 600 F.3d 576, 587 (6th Cir. 2010); *Atkins v. Michigan,* 644 F.2d 543, 546 n.1 (6th Cir. 1981)).  However, when a federal pretrial detainee's habeas claims would be dispositive of pending federal criminal charges, those claims must be exhausted at trial and on direct appeal before habeas corpus relief may be available.  *See Sandles v. Hemingway*, 22 F. App'x 557, 557 (6th Cir. 2001) (citing *Moore v. United States*, 875 F. Supp. 620, 624 (D. Neb. 1994)); *Flowers v. Edwards*, No. 85-1199, 1985 WL 13977, *1 (6th Cir. Nov. 18, 1995) (unpublished)).

All of the issues raised by Watkins may be resolved during his criminal proceedings or on appeal. Thus, this action is premature.  Because Petitioner is not entitled to relief, the Petition is **DISMISSED.**

Federal prisoners who file petitions under 28 U.S.C. § 2241 need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1).  *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).  However, if a petitioner seeks pauper status on appeal he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the

2

prisoner must file his motion to proceed *in forma pauperis* in the appellate court.  *Id.*  In this case, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal *in forma pauperis* is therefore **DENIED**.[2]

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
**S. THOMAS ANDERSON**
**CHIEF UNITED STATES DISTRICT JUDGE**

Date: December 3, 2020

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.

3